**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NICHOLAS ZOCCO,** | ) | |
| | ) | CIVIL ACTION NO.   **25-981** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **ZACHARY KODRIC, DELBERT** | ) | |
| **DEWITT and ZACHARY PAUL** | ) | |
| **WILLIAMS,** | ) | |
| | ) | |
| Defendants. | | |

## MEMORANDUM OPINION

### I.    Introduction

Pending before the court are: (1) a motion to dismiss the claims asserted in the amended complaint against defendant Zachary Paul Williams ("Williams") (ECF No. 21)[1]; and (2) a motion to strike various allegations in the amended complaint (ECF No. 23).  Williams filed briefs in support of his motions (ECF Nos. 22, 24).   Counsel for plaintiff Nicholas Zocco ("Zocco") filed briefs in opposition to the motions (ECF Nos. 27, 28).  The motions are ripe for decision.

### II.    Standard of Review

The Federal Rules of Civil Procedure govern motions to dismiss. Specifically, Rule 12(b)(6) provides for a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) works in conjunction with Rule 8, which requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

---

1 The remaining defendants, Zachary Kodric ("Kodric") and Delbert DeWitt ("DeWitt"), filed answers to the amended complaint (ECF Nos. 19, 20).

For a complaint to withstand a motion to dismiss, it must contain enough facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). To be considered facially plausible, the facts of the claim must allow a court reasonably to infer that the defendant is liable for the alleged wrongdoing. *Id.* In addition to accepting the factual allegations as true, the court must also view those facts "in the light most favorable to the non-moving party." *Doe v. Univ. of Scis.*, 961 F.3d 203, 208 (3d Cir. 2020).

Following *Twombly* and *Iqbal*, "it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss[]" because "'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). Likewise, "the court need not accept as true 'unsupported conclusions and unwarranted inferences,' or the plaintiff's 'bald assertions' or 'legal conclusions.'" *Cook v. W. Homestead Police Dep't*, No. 2:16-CV-01292, 2017 WL 1550190, at *2 (W.D. Pa. May 1, 2017) (quoting *Doug Grant, Inc. v. Great Bay Casino Corp.,* 232 F.3d 173, 183–84 (3d Cir. 2000) and *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

The United States Court of Appeals for the Third Circuit laid out the following three-part process for a court to determine whether a complaint can survive a motion to dismiss:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Burch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v.*

*Warminster Twp.,* 629 F.3d 121, 128 (3d Cir. 2010)).

## III.    Background

Zocco filed the original complaint in this case in July 2025 and served it on Williams. Counsel held a "meet and confer" telephone call, after which Zocco's counsel filed an amended complaint (ECF No. 27 at 1-2).  In the amended complaint (ECF No. 18), Zocco asserts claims against Williams under § 1983 for: (1) malicious prosecution; and (2) conspiracy to violate his constitutional rights.  The factual averments about Williams are rather sparse.

Kodric is the chief of police of the German Township Police Department and DeWitt is the chief of police of the Uniontown Police Department.  Amended Complaint ¶¶ 6, 9.  No facts are pleaded about Williams, other than his address.

The lawsuit arose out of an incident that occurred on July 8, 2023.  Amended Complaint ¶ 30.  Kodrik and DeWitt participated in filing a criminal complaint, ¶¶ 27-28, that averred Zocco punched Williams in the face twice and caused a right nasal bone fracture and head injuries.  *Id.* ¶ 30. Zocco alleges that Williams "instigated the altercation," and struck Zocco first, Amended Complaint ¶¶ 33-34, but does not plead any other facts about the encounter.  Zocco alleges that Williams falsely testified about the extent of his injuries at a preliminary hearing and that Williams' fracture was a preexisting injury, not caused by the July 8, 2023 incident. Amended Complaint ¶¶ 35, 43-44.  Zocco alleges that due to the false charges, he lost his employment with the Uniontown Police Department.  Amended Complaint ¶¶ 2, 55.

Zocco's amended complaint contains the following allegations about Williams' involvement in an alleged conspiracy to violate Zocco's civil rights:

12. At all times relevant hereto, Defendant Williams, the alleged "victim" in the

false criminal case against Plaintiff, acted under color of state law by furnishing false information and/or concealing material information from prosecuting authorities and by conspiring with the other named Defendants to violate Plaintiff's civil rights.

13. At all times relevant hereto, the several Defendants conspired and acted jointly and severally to achieve an unlawful purpose in initiating and prosecuting false criminal charges against Plaintiff.

. . .

47. Before the filing of the aforesaid charges, Defendant Kodric, Defendant DeWitt, and Defendant Williams jointly agreed to utilize or provide false information to support same, without which the charges against Plaintiff (particularly the aggravated assault charge, a first-degree felony) would have been unsustainable.

48. Indeed, there was a meeting between the Defendants before the filing of the false charges to discuss and prepare same.

. . .

52. Defendant Williams knowingly provided false information to Defendant Kodric and/or Defendant DeWitt on which the false criminal charges were based - and without which the charges would have been unsustainable.

ECF No. 18.

IV.    Legal Analysis

The § 1983 claims against Williams fail unless Williams is a "state actor." *See Simmer v. Kehler*, No. 15-2285, 2015 WL 6737017, at *2 (D.N.J. Nov. 2, 2015) (quoting *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) ("[A] plaintiff seeking to hold an individual liable under § 1983 must establish that [he] was deprived of a federal constitutional or statutory right by a state actor."). The principal question "is whether there is such a close nexus between the state and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Id.* (citations omitted). The Third Circuit Court of Appeals has provided three tests to determine whether state action exists:

4

(1)    [W]hether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity.

*Id.* (citations omitted).

*Simmer* involved a very similar allegation to that at issue in this case, i.e., that a private citizen "gave knowingly false information to the police, and subsequently conspired with them to have [the plaintiff] arrested and charged." *Id.* at *3. The court held that the § 1983 claims were insufficiently pleaded and dismissed the case.

The court explained that "[m]erely giving information to police officers is insufficient to convert a private party into a state actor." *Id.* (citations omitted). "This remains true even if the information given is false." *Id.* (citations omitted). Thus, Zocco's allegation that Williams provided false information to Kodric and DeWitt does not support a conclusion that it is plausible Williams was a state actor.

The court in *Simmer* recognized that "providing false information to the police, coupled with a conspiracy to violate constitutional rights, can transform a private actor into a state actor." *Id.* Under those circumstances, the dispositive question becomes "'whether the state official **surrendered the exercise of its official judgment to a private party**, either pursuant to an agreement or statute, thus turning the private party into a state actor.'" *Id.* (quoting *Pugh v. Downs*, 641 F. Supp. 2d 468, 474–75 (E.D. Pa. 2009) (emphasis added). The court distinguished the decision relied upon by the plaintiff, *Luck v. Mt. Airy No. 1, LLC*, 901 F. Supp. 2d 547 (M.D. Pa. 2012), explaining: "What the court relied on [in *Luck*] to deem the private parties state actors was that '**the [police] allowed [the private parties] to substitute its judgment** in deciding

whether to arrest the plaintiffs for criminal trespass.'" *Simmer*, 2015 WL 6737017 at *4

(emphasis added).

In *Genco v. Luffey*, No. 2:21-CV-01518, 2023 WL 11967987, at *6 (W.D. Pa. Sept. 28,

2023), <u>report and recommendation adopted</u>, No. 2:21-CV-01518, 2023 WL 11967988 (W.D. Pa.

Oct. 20, 2023), the court expanded on the need to plead facts about a plan by which the police

deferred their authority to the private person:

> Of particular relevance here, to show joint participation, a plaintiff must allege "the
> existence of a pre-arranged plan between the police and a private individual or
> entity by which the **police substituted the judgment of private parties for their
> own official authority**." *Castillo v. Guzley*, No. 19-cv-4002, 2019 WL 5068571,
> at *5 (E.D. Pa. 0ct. 8, 2019)(quoting *Cruz v. Donnelly*, 727 F.2d 79, 80 (3d Cir.
> 1984)). Merely providing information to police officers does not rise to the level of
> joint action necessary to convert a private party into a state actor. *Cooper v.
> Muldoon*, Civ. No. 05-4780, 2006 WL 1117870, at *2 (E.D. Pa. Apr. 26, 2006).
> This is true even if the information provided to police officers is false. *Simmer v.
> Kehler*, Civ. No. 15-2285, 2015 WL 6737017, at *3 (D. N.J. Nov. 2, 2015) (citing
> *Collins v. Christie*, Civ. No. 06-4702, 2007 WL 2407105, at *4 & n. 9 (E.D. Pa.
> 2007)(citing *Kahermanes v. Marchese*, 361 F. Supp. 168, 171 (E.D. Pa. 1973)("The
> deliberate giving of false information by an individual to a police officer to cause
> the arrest of another does not give rise to a cause of action under the Civil Rights
> Acts.")); *Gilbert v. Feld*, 788 F. Supp. 854, 860 (E.D. Pa. 1992)("finding no state
> action where the complaint alleged that the private party provided the District
> Attorney with 'false and misleading information in order to instigate criminal
> charges against the plaintiff.'")).

*Id.* at *6 (emphasis added).

A plaintiff cannot meet his pleading burden by conclusorily alleging that the defendants

conspired.  The court in *Simmer* emphasized that a plaintiff "must assert facts from which a

conspiratorial agreement can be inferred."  2015 WL 6737017 at *4 (citations omitted).  The

court reiterated that it would not consider conclusory allegations about an alleged conspiracy

between the private party and the government.  *Id.*  In *Genco*, the court explained: "[t]o plead

conspiracy adequately, a plaintiff must set forth allegations that address the period of the

conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose." *Genco*, 2023 WL 11967987 at *7.

In *Simmer* and *Genco*, the court held that the conclusory allegations of a conspiracy did not suffice to transform a private citizen into a state actor and dismissed the § 1983 claims. *Accord Woodall v. Monroeville Police*, No. CV 2:23-1370, 2024 WL 5669710, at *6 (W.D. Pa. Sept. 3, 2024), report and recommendation adopted, No. 2:23-CV-1370, 2024 WL 5669695 (W.D. Pa. Sept. 24, 2024) ("Plaintiff's SAC contains only conclusory allegations relative to a conspiracy between Defendant Ferraro and law enforcement, which fail to provide a basis for inferring the existence of a conspiracy so as to bring Defendant Ferraros' conduct within that of a state actor.").

The same analysis applies here. Zocco failed to plead facts from which the court could plausibly infer a conspiracy. Paragraphs 12, 13 and 14 are pure conclusions which must be disregarded. *Burtch*, 662 F.3d at 221. As discussed, averring that Williams provided false information to Kodric and DeWitt, ¶¶ 47, 52, is simply not enough. Alleging merely that Williams met with Kodric and DeWitt before the charges were filed, ¶ 48, does not fill the gap. Critically, there are no alleged facts to show plausibly the when, where, why or how the chiefs of police deferred their authority to Williams (apparently a private citizen who was the alleged victim of the encounter with Zocco) to decide whether or not to press charges against Zocco. To the contrary, the amended complaint avers that the decision to file charges was made by Kodric and DeWitt. Amended Complaint ¶ 39 ("On the date the false charges were filed, Defendant Kodric and Defendant DeWitt knew there was no factual basis for same and proceeded to file them anyway."). There are insufficient factual allegations in the Amended Complaint to show

plausibly that Williams was a state actor.  The § 1983 claims against Williams, therefore, must be dismissed.

## V.    Leave to Amend

Williams seeks dismissal with prejudice.  The Federal Rules of Civil Procedure direct the court to "freely give leave" to parties to amend their pleadings "when justice so requires." Fed. R. Civ. P. 15.  A court must permit a curative amendment unless it would be inequitable or futile. *Grayson v. Mayview State Hosp*., 293 F.3d 103, 108 (3d Cir. 2002).

Here, several factors weigh against leave to amend.  First, Zocco is represented by counsel.  Second, Zocco already had a "second bite at the apple" by filing an amended complaint after a "meet and confer" with Williams' counsel.  Despite the second chance, Zocco failed to overcome the shortcomings in his § 1983 claims against Williams in the amended complaint. Third, counsel for Zocco did not discuss or acknowledge the closely analogous decisions cited by Williams in his brief.  Fourth, Zocco's claims against Kodric and DeWitt will continue.  On the other hand, fact discovery is not concluded.  It is not certain whether facts may be unearthed during discovery to support plausible claims against Williams.

Zocco had two unsuccessful bites at the apple, but the court concludes it is not certain that further attempts to amend his claims against Williams would be futile.  *Great Western Mining v. Fox Rothschild*, 615 F.3d 159, 174-75 (3d Cir. 2010).  The court concludes that the dismissal will be without prejudice.

Zocco's counsel is placed on notice that the decision to dismiss without prejudice was a close issue.  To bring claims against Williams in a third attempt, Zocco will need to file a motion

to file an amended complaint within the time limits to be set in the case management order (to be entered after the Rule 16 conference). If Zocco moves to file another amended complaint against Williams, and the motion is denied, the court will consider a request for the award of the additional counsel fees incurred by Williams in responding to an unsuccessful third bite at the apple.

### VI. Conclusion

For the reasons set forth above, the motion to dismiss (ECF No. 21) filed by Williams will be granted. The claims against Williams will be dismissed without prejudice and Williams will be removed as a party. The motion to vacate (ECF No. 23) will be denied as moot.

An appropriate order follows.

Dated: November 12, 2025

BY THE COURT

s/ Joy Flowers Conti
JOY FLOWERS CONTI
SENIOR UNITED STATES DISTRICT JUDGE